UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Alice Dominguez<br><br>Plaintiff,<br><br>v.<br><br>P.N. Financial, Inc.<br><br>Defendant. | Case No.<br><br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## PARTIES

1. Plaintiff, Alice Dominguez, ("Alice"), is a natural person who resided in Tucson, Arizona, at all times relevant to this action.

2. Defendant, P.N. Financial, Inc., ("PNF") is an Illinois Corporation that maintained its principal place of business in Lincolnwood, Illinois, at all times relevant to this action.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq.

4. Pursuant to 28 U.S.C. §1391(b), venue is proper because Defendant resides in this judicial district and is subject to personal jurisdiction in this district.

## STATEMENT OF FACTS

5. At all times relevant to this action, PNF collected consumer debts.

6. PNF regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

7. The principal source of PNF's revenue is debt collection.

8. PNF is a "debt collector" as defined by 15 U.S.C. §1692a(6).

9. As described, *infra*, PNF contacted Alice to collect a debt that was incurred primarily for personal, family, or household purposes.

10. This alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

11. Alice is a "consumer" as defined by 15 U.S.C. §1692a(3).

12. Around September 2011, PNF began contacting Alice on Alice's cellular phone and home telephone in connection with the collection of a debt.

13. Around 2010, Alice filed bankruptcy; the debt PNF attempted to collect on was included in the bankruptcy.

14. During one communication, PNF informed Alice that Payday loans could not be included in a bankruptcy.

15. Around July 2013, PNF contacted Alice's elderly mother, ("Mother"), on Mother's home telephone.

16. At the time of this communication, PNF already had Alice's location information.

17. During this communication, PNF told Mother if Alice didn't call PNF, PNF would contact Alice's place of employment regarding a financial obligation, thus disclosing to Mother that Alice owed a debt.

18. The calls from PNF to Mother caused much worry for Mother.

19. Around August 2013, Alice requested PNF cease further calls to Alice.

20. Despite this request, PNF contacted Alice on more than one occasion in connection with the collection of a debt, most recently around January 2014.

21. PNF caused Alice severe emotional distress.

22. PNF attempted to collect a debt from Alice.

23. PNF violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

24. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

25. Defendant violated 15 U.S.C. §1692c(a)(1) by calling Plaintiff at a time or place known to be inconvenient for Plaintiff.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

26. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

27. Defendant violated 15 U.S.C. §1692c(b) by communicating with a third party in connection with the collection of the debt without Plaintiff's consent.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

28. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

29. Defendant violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the debt.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

30. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

31. Defendant violated 15 U.S.C. §1692e by using false, deceptive, or misleading representations or means in connection with the collection of the debt.

## COUNT FIVE

### Violation of the Fair Debt Collection Practices Act

32. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

33. Defendant violated 15 U.S.C. §1692f by using unfair or unconscionable means to collect the debt.

## JURY DEMAND

34. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

35. Plaintiff prays for the following relief:

   a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

   b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Hyslip & Taylor, LLC, LPA


By:___/s/ Jeffrey S. Hyslip_____
One of Plaintiff's Attorneys

Date: August 19, 2014

Jeffrey S. Hyslip, Esq.
Hyslip & Taylor, LLC, LPA
917 W. 18th Street, Suite 200
Chicago, IL  60608
312-380-6110
jeffrey@lifetimedebtsolutions.com

4